THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLAI POSTICA, and ANA BUREA, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>BOEING, INC., *et al.*,<br><br>Defendants. | CASE NO. C24-1788-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Boeing's motion to dismiss (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion as moot and, instead, DISMISSES the case *sua sponte* without prejudice.

I.   **BACKGROUND**

This "case" comes before the Court on a highly unusual procedural posture. On October 10, 2024, Plaintiffs served Defendant with a complaint to be filed in King County Superior Court. (Dkt. No. 1-3 at 2.) On October 15, 2024, and pursuant to Washington Superior Court Civil Rule 3(a) (hereinafter "CR 3(a)"), Defendant issued a written demand for Plaintiffs to pay the filing fee and file the summons and complaint by October 29, 2024, or risk voiding service of their complaint. (Dkt. No. 1-5 at 3); *see also* Wash. Super. Ct. Civ. R. 3(a). Plaintiffs chose not to comply and conceded that their noncompliance voided service of their complaint. (*See* Dkt. Nos. 10-3 at 2, 11 at 2–3) (reflecting Plaintiffs' noncompliance with the written demand and

ORDER
C24-1788-JCC
PAGE - 1

acknowledgment of the consequences thereof).

Nevertheless, Defendant still removed this "case" to federal court, (*see generally* Dkt. No. 1), and now moves to dismiss with prejudice for lack of personal jurisdiction and/or insufficient service, as well as failure to state a negligence claim, (*see* Dkt. No. 10 at 11). In response, Plaintiffs argue that, in filing a notice of removal even though the action had not "commenced," Defendant "revived" what would have been an otherwise non-existent case. (*See* Dkt. No. 11 at 3.)

**II.    DISCUSSION**

The general removal statute allows defendants to remove "any civil action" brought in a state court to any federal district court with original jurisdiction over the case. 28 U.S.C. § 1441(a). However, an action may not be removed to federal court before it has commenced in state court. *See Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) ("[i]t is axiomatic that an individual or entity may not remove a dispute before it has commenced in state court"). And "[a] state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court." *Id.* (citing, *inter alia, Herb v. Pitcairn*, 324 U.S. 117 (1945)).

Under CR 3(a), "a civil action is commenced by service of a copy of a summons together with a copy of the complaint . . . or by filing a complaint." Wash. Super. Ct. Civ. R. 3(a). A Washington state court therefore acquires jurisdiction over an action upon service of a summons and complaint. *See Seattle Seahawks, Inc. v. King Cty.*, 913 P.2d 375, 376 (Wash. 1996). Such service renders the action removeable. *Pope v. Spokane Sch. Dist. No. 81*, 2021 WL 5967921, slip op. at 3 (W.D. Wash. 2021). Nevertheless, under CR 3(a), a defendant may, after service, demand in writing that the plaintiff file the summons and complaint in state court and pay the filing fee within 14 days of service of the written demand. Wash. Super. Ct. Civ. R. 3(a). If the plaintiff fails to comply with the written demand within 14 days, then service of the complaint is void. *Id*. In turn, if service of the complaint is void *and* the plaintiff still has not filed the complaint in state court, then no civil action has commenced. *See id*. And, if no civil action has

commenced in state court, then there is no "civil action" for a defendant to remove to federal court. *See Bush*, 425 F.3d at 686.

Both parties appear to agree that Plaintiffs' noncompliance with the written demand rendered service void, thus negating any notion of a "commenced" action. (*See* Dkt. Nos. 10 at 8 and 11, 11 at 2–3.) Nevertheless, the parties continue to litigate the issue of dismissal primarily based on personal jurisdiction (or lack thereof). Indeed, in moving to dismiss, Defendant contends that this Court lacks personal jurisdiction because the procedural service requirement has not been satisfied. (Dkt. No. 10 at 11) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). In response, Plaintiffs argue that this Court does, in fact, maintain personal jurisdiction because Defendant waived any defect in service and "revived" the case when it chose to remove this "case" to federal court.[1] (Dkt. No. 11 at 4.) But neither party quite captures the precise issue at bar. The problem here is not a lack of personal jurisdiction. The problem is that this Court lacks jurisdiction *entirely* because there is no live case or controversy.

The Ninth Circuit addressed a remarkably similar issue in *Casola v. Dexcom, Inc.*, 98 F.4th 947 (9th Cir. 2024). There, it conducted an extensive review of California law to determine what constituted "filing a complaint," such that a civil action is commenced in state court (and thus ripe for removal). *Id*. at 955. Importantly, it chose to engage in this seemingly trivial exercise because, "[w]hile not a traditional 'subject matter jurisdiction' defect, the lack of a pending state court case still presents a jurisdictional problem for removal." *Id*. at 963. The defendant argued that with respect to electronic filings, a complaint is "filed" when it is merely "transmitted" to the clerk. *See id*. at 956. The court disagreed, holding instead that, under California law, an electronically submitted complaint is not "filed" for purposes of removal until it is "processed and endorsed or otherwise acknowledged as officially filed by the clerk of the [state] court." *Id*. at 962. In turn, the court concluded that, because the defendant removed the case before this filing condition was met, the removal notices "had a foundational defect—the

---

[1] However, Plaintiff cites no authority for the proposition that a defendant may "revive" an otherwise non-existent case through removal.

ORDER
C24-1788-JCC
PAGE - 3

absence of an existing civil action in state court—that rendered them not just defective but legally null and void." *Id*. That is, the notices "did not confer jurisdiction on the district court to hear the cases because there were no cases then pending." *Id*.

Similarly, here, Defendant's removal did not confer *any* jurisdiction on this Court to hear the "case" because there was no case then pending in state court. As noted, Plaintiffs failed to comply with the written demand within the allotted 14-day period. (*See* Dkt. No. 10-3 at 2.) Plaintiffs therefore voided service of their complaint. *See* Wash. Super. Ct. Civ. R. 3(a). Plaintiffs also did not exercise their other option for commencing the action—that is, they did not file the complaint in state court. *See id*. Accordingly, by the time Defendant issued its notice of removal, Plaintiffs no longer had a case that could be deemed "commenced" or "pending" in state court under Washington state law—a point which Plaintiffs themselves concede. *See id.*; (*see also* Dkt. Nos. 10-3 at 2, 11 at 4). And because Plaintiffs no longer had a case that was pending or otherwise commenced in state court, there was therefore no removable "action" over which this Court could exercise original jurisdiction. *See* 28 U.S.C. 1441(a). In other words, Defendant's removal was not a legally cognizable option at the time Defendant exercised it.[2] Instead, it was "legally null and void." *See Casola*, 98 F.4th at 963.

## III.   CONCLUSION

For the foregoing reasons, the Court DISMISSES the case *sua sponte* without prejudice

---

[2] For the sake of utmost clarity, the Court acknowledges that there *was*, in fact, a period of time in which this "action" had commenced in state court for purposes of removal. The "action" commenced, and therefore became removable, on October 10, 2024, when Plaintiffs initially served the complaint. (*See* Dkt. No. 1-3 at 2); *Seattle Seahawks*, 913 P.2d at 376. It remained removable all the way through October 29, 2024—the date by which Plaintiffs were required to comply with Defendant's written demand. (*See* Dkt. No. 1-5 at 3) and Wash. Super. Ct. Civ. R. 3(a); *see also Melvin v. Kingsolver*, 2012 WL 13026632, slip op. at 4 (W.D. Wash. 2012) (observing that "[n]othing in the Washington court rules or the removal statute . . . prohibits a defendant from serving the plaintiff a notice of removal together with a written demand"). As such, had Defendant sought removal prior to October 29, 2024, it would have removed a properly pending state court action.

ORDER
C24-1788-JCC
PAGE - 4

for lack of *any* jurisdiction.[3] Defendant's motion to dismiss (Dkt. No. 10) is DENIED as moot.

DATED this 18th day of December 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

[3] Though the Court recognizes that the result of its order is substantially similar to that which Defendant seeks, *sua sponte* dismissal is nevertheless appropriate where, as here, neither party has raised the precise jurisdictional defect at issue. *See Gonzales v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.")